UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:13-CV-180-TAV-HBG |
| GERALD CRESS, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendants' Gerald Cress, Cress Company, Inc. and Cress Development, LLC's Motion to Dismiss and/or, In the Alternative, Motion for More Definite Statement [Doc. 10]. Plaintiff filed a response [Doc. 12], and defendants replied [Doc. 13]. After careful consideration of the parties' briefs and the relevant law, the Court will grant the motion.

I. **Background**

On or about May 20, 2011, defendants David Brown and Betty J. Brown entered into a contract with defendant Cress Company, Inc. ("Cress Company") for the construction of a new house at 445 Water View Drive, Rockwood, Tennessee 37854 [Doc. 1 ¶ 10]. Shortly thereafter, plaintiff Certain Underwriters at Lloyd's London ("Underwriters") and Cress Company became parties to an insurance contract issued by Underwriters that was in effect from November 9, 2011, through November 9, 2012 (the "Policy") [*Id.* ¶ 9].

On or about November 13, 2012, the Browns initiated a lawsuit against Gerald Cress, Cress Company, Inc., and Cress Development, LLC (the "Cress Defendants") in the Circuit Court of Tennessee for the Ninth Judicial District at Rockwood, docket number 12-CV-205, alleging that the Cress Defendants, and/or their subcontractors, refused to abide by the terms of the contract, failed to complete the work described in the contract, failed to adhere to the architectural designs for the new house, engaged in poor workmanship, and utilized poor-quality materials, which rendered the house unfit for use as a residence, structurally unsound, and valueless for resale (the "Lawsuit") [*Id.* ¶¶ 11–12; *see also id.* ¶¶ 13–15]. They assert causes of action for breach of contract, negligence, fraud, misrepresentation, outrageous conduct, theft, negligent infliction of emotional distress, breach of express and implied warranties, and violations of the Tennessee Consumer Protection Act [*Id.* ¶ 17].

About one month later, Cress Company, Inc. and Cress Development, LLC submitted a General Liability Notice of Occurrence/Claim to Underwriters with respect to the Brown's claims [*Id.* ¶ 18]. Underwriters commenced this action seeking a declaratory judgment with respect to "whether Underwriters have a duty to defend and indemnify the Cress Defendants in the Lawsuit pursuant to the Policy" [*Id.* ¶ 19].

In response to the complaint, the Cress Defendants move the Court to dismiss this action, arguing "it is not appropriate for this Court to exercise jurisdiction under the Declaratory Judgment Act" [Doc. 10]. Alternatively, the Cress Defendants move the Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to require plaintiff

to provide a more definite statement of its claims because the complaint, particularly paragraphs 33(l) through 34, is so vague or ambiguous that the Cress Defendants cannot reasonably prepare a response [*Id.*].[1]

## II. Analysis

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. This Act confers jurisdiction, but it does not compel it. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Accordingly, even when all other jurisdictional requirements have been met, a district court is not required to exercise jurisdiction and may dismiss a declaratory judgment action. *Wilton*, 515 U.S. at 287–88.

In determining whether to exercise jurisdiction over a declaratory action, the Court must consider the five-part test established by the Sixth Circuit:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

---

[1] The Cress Defendants state that the complaint fails to state a claim upon which relief can be granted, but they make no argument in this regard [*See* Docs. 10, 11]. As a result, the Court does not consider whether the complaint states a claim upon which relief may be granted.
3

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citation omitted). A district court is vested with "unique and substantial" discretion in determining whether to exercise jurisdiction. *Id.* at 563.

### A.     Settlement of the Controversy and Clarification of Legal Relations

As this Court has noted before, *see State Auto. Mut. Ins. Co. v. Frazier's Flooring, Inc.*, No. 3:08-CV-178, 2009 WL 693142, at *2–3 (E.D. Tenn. Mar. 13, 2009), there is a split within the Sixth Circuit regarding these factors. One line of cases suggests that the declaratory judgment action must settle the entire controversy that is ongoing in state court and clarify the legal relationship between all the parties. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266, 271 (6th Cir. 2007). Another line of cases suggests that the declaratory judgment need only settle the controversy and clarify the relations between those involved in the declaratory judgment action. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003).

In trying to reconcile the two lines of cases, one district court within the Sixth Circuit found that the historical background of the factors indicates that the first two factors are meant to address distinct issues. *See Grange Mut. Cas. Co. v. Safeco Ins. Co.*, 565 F. Supp. 2d 779, 788 (E.D. Ky. 2008). The court determined that history shows that the first factor is meant to address whether the declaratory judgment action will settle the ultimate controversy while the second factor is meant to address the usefulness of the action in clarifying the discrete legal relations at issue within the declaratory judgment

4

action. *Id.* The Court has previously agreed with this reconciliation and finds no reason to depart from that decision in this case.

Here, the declaratory action will determine only if Underwriters has a duty to defend, and if necessary, indemnify Cress Company in the action pending in state court; it will not determine the ultimate controversy between the Browns and the Cress Defendants. The first factor thus weighs against exercising jurisdiction. The second factor, however, weighs in favor of exercising jurisdiction because it will clarify the legal relations at issue within this action.

### B. Procedural Fencing and Res Judicata

The Sixth Circuit disfavors declaratory actions when they "could frustrate a plaintiff's choice of forum and encourage forum shopping, races to the courthouse, needless litigation occasioning waste of judicial resources, delay in the resolution of controversies, and misuse of the judicial process to harass an opponent in litigation." *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 523 (6th Cir. 2000). The Court should not, however, "impute an improper motive . . . where there is no evidence of such in the record." *Scottsdale Ins. Co.*, 513 F.3d at 558. In *Scottsdale*, the Sixth Circuit found that an insurance company that filed a declaratory injunction action was not in a race to judgment when it was not a party to the state-court action, and thus, the issue of its coverage was not before the state court. *Id.*

That is the case here. There is no evidence of an improper motive regarding forum shopping or a race to judgment; indeed, the Cress Defendants concede they have no

5

evidence that would establish an improper motive. Moreover, Underwriters is not a party to the state-court action; thus, the issue of whether it must defend or indemnify the Cress Defendants is not before the state court. Accordingly, this factor weighs in favor of exercising jurisdiction.

### C. Increase of Friction and Improper Encroachment

There are three sub-factors the Court must consider in determining whether the exercise of jurisdiction would increase friction between federal and state courts:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co.*, 513 F.3d at 560; *Bituminous Cas. Corp.*, 373 F.3d at 814–15.

The first sub-factor requires to the Court to determine if there is an overlap between the factual findings that it must reach in the resolution of the issues raised in the declaratory judgment action and the factual findings that the state court must reach in resolving the underlying issues in that court. *See Scottsdale Ins. Co.*, 513 F.3d at 560; *Travelers Indem. Co.*, 495 F.3d at 272. If there are common factual findings required, then the federal and state courts could reach conflicting conclusions, and the exercise of jurisdiction would be inappropriate. *Scottsdale Ins. Co.*, 513 F.3d at 560; *Travelers Indem. Corp.*, 495 F.3d at 272.

6

The parties have conflicting views about this sub-factor. Underwriters contends that "the issues to be decided by the state court in the Underlying Lawsuit and by this Court in this declaratory judgment action are separate and distinct," as "[t]he issues to be decided by the state court are whether the Cress Defendants are liable for damages to the Browns for the Cress Defendants' alleged failure to adhere to the architectural design, alleged poor workmanship, and alleged installation of poor quality materials during the construction of the Browns' house" and the issues to be decided by this Court "are whether there has been 'property damage' or an 'occurrence' within the meaning of the policy and whether the policy exclusion for property damage to impaired property applies to exclude coverage" [Doc. 12]. The Cress Defendants agree that "whether there has been 'property damage' or an 'occurrence' triggering Underwriters' duty to defend and indemnify the Cress Defendants under the Policy" is the issue in this case, but that there will be no duty to defend if the "property damage arose out of the operations or work of the Cress Defendants" [Doc. 13]. Thus, their argument goes, "to determine whether Underwriters had a duty to defend and indemnify the Cress Defendants under the policy, this Court must resolve factual issues regarding whether the Browns' property was damaged and whether that property damage resulted from the operations or work of the Cress Defendants," the very issue of the state-court action [*Id.*].

Upon review of the record, the Court agrees with the Cress Defendants' statement of the issues and finds that this court and the state-court could reach conflicting conclusions on the issue of whether the property damage was a result of the Cress

7

Defendants' work, which an issue before the state court.  Moreover, while the Court can rely upon the factual allegations in the complaint with respect to whether Underwriters has a duty to defend, "the duty to indemnify is based upon the facts found by the trier of fact." *Travelers Indem. Co. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 30 (Tenn. 2007) (citation omitted).  For this reason, federal courts decline to exercise jurisdiction when faced with indemnification claims, as here.  *See Founders Ins. Co. v. Bentley Ent., LLC*, No. 3:12-cv-01315, 2013 WL 3776311, at *10 (M.D. Tenn. July 17, 2013).

In considering the second sub-factor, the Court looks at whether the federal or state court is in a better position to resolve the issues in the declaratory action.  *See Scottsdale Ins. Co.*, 513 F.3d at 560.  Here, the Court finds that the state court is in a better position to resolve the issues in this declaratory judgment action because the evidence regarding the alleged property damage, and whether the Cress Defendants were the cause of that damage, will be presented in connection with the state proceeding.

The Court's consideration of the third sub-factor is similar to that of the second sub-factor in that the Court must determine "whether the issue in the federal action implicates important state policies, and is, thus, more appropriately considered in state court."  *Scottsdale Ins. Co.*, 513 F.3d at 561.  In regard to insurance contract interpretation, state courts are generally considered the better forum because, "'[s]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'"  *Bituminous Cas. Corp.*, 373 F.3d at 815 (citation omitted).

8

After considering all of the sub-factors together, the Court determines that exercising jurisdiction over the declaratory judgment action would create friction between federal and state courts. Accordingly, this factor weighs against exercising jurisdiction.

D.   **Alternative Remedy**

Tennessee law provides that, "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tenn. Code Ann. § 29-14-102. There is, therefore, an alternative remedy in this case because a declaratory judgment could be obtained in Tennessee state court. The Sixth Circuit, however, is split regarding whether the state-court remedy must be better or more effective than a federal declaratory action or simply provide an alternative remedy for the purposes of this factor. *See Scottsdale*, 513 F.3d at 562 ("As with the first two factors, our precedent is split regarding whether the possibility of seeking a declaratory judgment or an indemnity action in state court counsels against the district court exercising jurisdiction."). Regardless, the Sixth Circuit has said in an unpublished opinion that, as here, "the state court is a better forum [when] there is no federal interest triggered by [the] litigation." *W. Am. Ins. Co. v. Preweitt*, 208 F. App'x 393, 400 (6th Cir. 2006).

In sum, the Court finds the balance of these factors weighs against exercising jurisdiction.[2]

---

[2] In light of this finding, the Court need not address defendants' alternative request for a more definite statement.

9

### III. Conclusion

For the reasons explained, the Court hereby **GRANTS** Defendants' Gerald Cress, Cress Company, Inc. and Cress Development, LLC's Motion to Dismiss and/or, In the Alternative, Motion for More Definite Statement [Doc. 10] to the extent that the Court **DISMISSES** this action for lack of jurisdiction. In light of this ruling, plaintiff Certain Underwriters at Lloyd's London is **DIRECTED** to show cause within fourteen (14) days of entry of this memorandum opinion and order why the Order Granting Plaintiff's Motion for Default Judgment Against Defendants David Brown and Betty J. Brown [Doc. 17] should not be vacated.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE